IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MAJOR EDWARD HURT,**

    Plaintiff,

v.                                                                                                   Civil Action No. **3:12CV03**

**DANA LAWHORNE,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on September 25, 2012, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b). By Memorandum Order entered on April 26, 2013, the Court granted Plaintiff an extension of fifteen (15) days from the date of entry thereof to submit a particularized complaint.

More than fifteen (15) days have elapsed since the entry of the April 26, 2013 Memorandum Order. Plaintiff failed to submit a particularized complaint. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 7/25/13
Richmond, Virginia

/s/ /s/
John A. Gibney, Jr.
United States District Judge